ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Avenue, Suite F28
Santa Clara, CA 95050
Telephone:   (408) 295-0137
Facsimile:   (408) 295-0142

Attorneys for SHELBY GAIL HEIFETZ, Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY GAIL HEIFETZ,<br><br>           Plaintiff,<br><br>vs.<br><br>ELAINE HOM, an individual; PAVILION BAR & GRILL, LLC, a California limited liability company, d/b/a PAVILION BAR & GRILL; and DOES 1-10, Inclusive,<br><br>           Defendants. | Case No. 19-6132<br><br>***Civil Rights***<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, AND 54.3; HEALTH & SAFETY CODE §§ 19955 *ET SEQ.*); DECLARATORY RELIEF; AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200, 17500 *ET SEQ*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS

1

**I. INTRODUCTION**

1. Plaintiff SHELBY GAIL HEIFETZ ("Ms. Heifetz" or "Plaintiff") seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990 (the "ADA"); California Unruh Civil Rights Act; California Disabled Persons Act; Health and Safety Code; California False Advertising Practices Act; and California Unfair Business Practices Act against Defendants ELAINE HOM, an individual; PAVILION BAR & GRILL, LLC, a California limited liability company, d/b/a PAVILION BAR & GRILL; and DOES 1-10, Inclusive, arising out of disability discrimination at a restaurant located at or about 1508 Kirker Pass Road, Clayton, California 94517 (the "Restaurant"). Through this action, Plaintiff seeks to put an end to systematic civil rights violations committed by Defendants against individuals with disabilities who are denied the opportunity to participate in and benefit from goods, services, facilities, privileges, advantages, or accommodations of the Restaurant. Defendants have failed to provide disabled individuals with equal access to the Restaurant's goods and services by refusing to remove various architectural barriers the presence of which makes it difficult if not outright impossible for legally blind patrons, including Plaintiff, to dine at the Restaurant on an equal basis with their sighted peers. Defendants' discrimination violated and continues to violate Title III of the ADA; the Unruh Civil Rights Act; the Disabled Persons Act; the Health and Safety Code; the California False Advertising Practices Act; and the California Unfair Business Practices Act.

2. Defendants' acts and omissions caused Ms. Heifetz difficulty, discomfort, and/or embarrassment, and have prevented her from enjoying the Restaurant's goods and services to the same extent as, and in a manner equal to, sighted individuals. Ms. Heifetz seeks injunctive relief that requires the removal of the various architectural barriers found on Defendants' property in order to make the Restaurant including the adjacent parking facility accessible to individuals who are visually impaired/legally blind. Plaintiff also requests that this Court order Defendants to pay her damages for continuing disability discrimination, and reimburse Plaintiff's attorneys' fees, costs, and litigation expenses necessary to enforce her rights under the ADA and California law.

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS

2

## II. PARTIES

3.     **Plaintiff Shelby Gail Heifetz:** Plaintiff SHELBY GAIL HEIFETZ is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff has been legally blind since birth due to Rod-Cone Dystrophy. Plaintiff is able to read California grade 2 Braille signage. Plaintiff uses a white cane when ambulating and is unable to use portions of public facilities that are not accessible to disabled persons, including those who are visually impaired/legally blind. Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff is and at all times relevant hereto was a resident of Pleasant Hill, California.

4.     **Defendants ELAINE HOM, an individual; PAVILION BAR & GRILL, LLC, a California limited liability company, d/b/a PAVILION BAR & GRILL**: Plaintiff is informed and believes, and based thereon alleges, that Defendants ELAINE HOM, an individual; PAVILION BAR & GRILL, LLC, a California limited liability company, d/b/a PAVILION BAR & GRILL are the owners and/or operator of the property located at or about 1508 Kirker Pass Road, Clayton, California 94517 known as Pavilion Bar & Grill.

5.     **Defendants, Does 1 through 10, Inclusive:** Does 1 through 10, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of Does 1 through 10, inclusive, and for that reason, Does 1 through 10 are sued under such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

6.     **All Defendants:** Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

7.     Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS

3

alleged in this Complaint.

8. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were, members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such harmed Plaintiff

9. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

### III. JURISDICTION

10. This Court has subject matter jurisdiction pursuant to Title 28, United States Code, Section 1331 and Title 42, United States Code, Section 12188 for Plaintiff's claims arising under the American with Disabilities Act, Title 42, United States Code, Section 12101, *et seq*.

11. This Court has supplemental jurisdiction pursuant to Title 28, United States Code, Section 1367, over Plaintiff's claims under the California Unruh Civil Rights Act (Cal. Civ. Code §§ 51, et. seq.); the Disabled Persons Act (Cal. Civ. Code §§ 54-54.3); the Health and Safety Code §§ 19955 *et. seq.*; the California False Advertising Practices Act (Cal. Bus. & Prof. Code §§ 17500, *et. seq.*); and the California Unfair Business Practices Act (Cal. Bus. & Prof. Code §§ 17200, *et. seq.*).

### IV. VENUE

12. Venue for this matter properly lies in the Northern District of California under Title 28, United States Code, Sections 1391(b)-(c) and 1441(a).

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS

4

## V. INTRADISTRICT ASSIGNMENT

13. This case should be assigned to the San Francisco/Oakland intradistrict as Defendants and the Restaurant are located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## VI. FACTS

14. The Restaurant is located right across from a gym that Plaintiff's boyfriend attends. Plaintiff and her boyfriend used to have lunch together at the Restaurant every now and then. Two documented visits, in addition to various other visits, took place on November 23, 2018 and December 17, 2018. The Restaurant's location is very convenient, and the food is delicious. Defendants, however, do not provide at their Restaurant proper accommodations for someone with a visual impairment such as Plaintiff.

15. First, the parking lot lacks truncated domes. This makes navigating the parking lot considerably more challenging and dangerous for Ms. Heifetz. Sometimes while Ms. Heifetz's boyfriend was in the gym, she wanted to get them a table at the Restaurant. Ms. Heifetz, however, did not feel safe enough to go navigate alone through the parking lot. As a result, Ms. Heifetz feels extremely frustrated: "I want to be able to take initiative and get a table ready on my own while he finishes up his workout. I deserve the same access as everyone else."

16. Second, even just getting inside the Restaurant was difficult. In fact, in order to get inside Ms. Heifetz had to overcome three significant barriers: The very heavy front door which was hard for Ms. Heifetz to operate with while using her cane. In addition to being heavy, the front door closed so fast that Ms. Heifetz was on more than one occasion struck by the door. Lastly, the loose doormat was a tripping hazard for Ms. Heifetz.

17. Third, the Restaurant's restroom has no Braille signage at the latch side and the Braille on the restroom door is jumbled mess of both Grade 1 and Grade 2 which makes it hard for Plaintiff to decipher. Ms. Heifetz is afraid that someone on the other side will open the door into her while she is feeling it. It is a mortifying and potentially dangerous situation. Further, the restroom doors themselves are a whole separate mess: there is no Braille signage beside the

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS

5

1  women's room, so Ms. Heifetz actually missed it at first and was under the impression that it was
2  gender neutral because the Braille sign next to it only said "*handicapped accessible*".  Ms.
3  Heifetz almost went into the men's restroom until she noticed the Braille on the door said
4  "Men's."

5      18.    Ms. Heifetz wants to be able to be independent and safe when she visits the
6  Restaurant. Ms. Heifetz deserves equal access and treatment, as do other people with disabilities.
7  Ms. Heifetz  refrained from dining at the Restaurant on numerous occasions because of her prior
8  negative experience with accessibility at the Restaurant. Plaintiff could and would return the
9  Restaurant if and when it is made accessible to her.

10     19.    Before filing this complaint, Plaintiff's legal representative also had a CASp -
11 certified access consultant do an informal investigation of the Restaurant. While he could not
12 make detailed measurements, he determined that the Restaurant was also inaccessible in multiple
13 other ways, including, but not limited to, the following:

- No tow away sign
- No directional signage from public right of way
- The ADA single parking is not van accessible
- The ADA parking access aisle is not stripped with blue lines
- No exit signs with Braille on exit doors
- Front door has a door stop which is a trap for cane users
- Bathroom vestibule door is fast closing
- Bathroom vestibule door is heavy
- Bathroom door signage is not contrasting
- Women's bathroom has no latch side sign with Braille
- Bathroom door is heavy
- Bathroom door is fast closing
- There are many protruding items inside

27     20.    These barriers to access are listed without prejudice to Plaintiff citing additional
28 barriers to access after inspection by plaintiff's access consultant, per the 9th Circuit's standing

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND
DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO
VISUALLY IMPAIRED/LEGALLY BLIND PERSONS

standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases.

21. Defendants knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with or deny access to the visually impaired/legally blind patrons. Moreover, Defendants have the financial resources to remove these barriers from the Restaurant, including the adjacent parking lot, without much difficult or expense, and make the Restaurant accessible to the visually impaired/legally blind patrons. To date, however, Defendants refuse to remove these barriers.

22. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to access and to comply with the Americans with Disabilities Act Accessibility Guidelines (the "ADAAG") and Title 24 regulations. Defendants have not removed such impediments and have not modified the Restaurant to conform to accessibility standards.

## VII. FIRST CAUSE OF ACTION

**Violation of California Civil Code §§ 51, *et seq.* - the California Unruh Civil Rights Act**

**(Against all Defendants and each of them)**

23. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

24. California Civil Code §§ 51, *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges and services of all business establishments of any kind whatsoever. Defendants are systematically violating the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*

25. The Restaurant is a "business establishment" within the meaning of California Civil Code §§ 51, *et seq.* The Restaurant is inaccessible due to the presence of architectural barriers on Defendants' property. This inaccessibility denies physically disabled individuals full and equal access to the facilities, goods and services that Defendants makes available to the non-

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS

7

disabled public. Defendants are violating the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, in that Defendants are denying physically disabled individuals the goods and services provided by the Restaurant. These violations are ongoing.

26. Defendants' actions constitute intentional discrimination against Plaintiff and other physically disabled individuals in violation of the Unruh Civil Rights Act, California Code §§51 *et seq.*, in that: the Restaurant is inaccessible to Ms. Heifetz and other visually impaired/legally blind individuals; that Defendants maintain the Restaurant in this inaccessible condition; and have failed to take actions to correct these barriers despite the obvious presence of said barriers.

27. Defendants are also violating the Unruh Civil Rights Act, California Civil Code § 51, in that the conduct alleged herein constitutes a violation of various provisions of the Americans with Disabilities Act (hereafter "ADA"), 42 U.S.C. §§ 12101, *et seq.*, as set forth above. California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

28. The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, and therefore Ms. Heifetz is entitled to injunctive relief remedying the discrimination.

29. Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

30. Plaintiff is also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as set forth below.

### VIII. SECOND CAUSE OF ACTION

**Violation of Cal. Civ. Code §§ 54, *et seq.* - the California Disabled Persons Act**

**(Against all Defendants and each of them)**

31. Plaintiff incorporates by reference the allegations foregoing allegations as if set forth fully herein.

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS

8

32. California Civil Code §§ 54, *et seq.* guarantees full and equal access for people with disabilities to all public places. The Restaurant constitutes a "public place" within the meaning of California Civil Code §§ 54.1 - 54.3.

33. California Civil Code § 54 also guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places.

34. California Civil Code § 54.1(a)(1) also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

35. Defendants have violated California Civil Code §§ 54, *et seq.* by denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to her disability.

36. Defendants are also violating California Civil Code §§ 54, *et seq.* in that Defendants' actions are a violation of the ADA. Any violation of the ADA is also a violation of California Civil Code § 54.1.

37. The actions of Defendants were and are in violation of California Civil Code §§ 54, *et seq.* and therefore Plaintiff is entitled to injunctive relief remedying the discrimination.

38. Plaintiff is also entitled to damages under California Civil Code § 54.3 for each offense.

39. Plaintiff is also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as set forth below.

## IX. THIRD CAUSE OF ACTION

**Violation of 42 U.S.C. §§ 12181, *et seq.* - Title III of the Americans with Disabilities Act**

**(Against all Defendants and each of them)**

40. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

41. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

42. The Restaurant is a "public accommodation" as defined in 42 U.S.C. § 12181(7)(B).

43. Defendants discriminated against Ms. Heifetz by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant.

### Failure to Remove Architectural Barriers in an Existing Facility

44. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id*. § 12181(9).

45. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id*. § 12182(b)(2)(A)(v).

46. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

47. In the alternative, if it was not "readily achievable" for Defendants to remove Restaurant's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

48. On information and belief, the Restaurant was designed or constructed or both after January 26, 1992 independently triggering access requirements under Title III of the ADA.

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS

10

49. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

50. Here, Defendants violated the ADA by designing or constructing or both the Restaurant in a manner that was not readily accessible to the physically disabled public, including Ms. Heifetz, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

51. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

52. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

53. Here, Defendants altered the Restaurant in a manner that violated the ADA and was not readily accessible to the legally blind, including Ms. Heifetz, to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

54. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

55. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford and would not fundamentally alter the nature of these goods, services, facilities, or accommodations.

WHEREFORE, Plaintiff requests relief as set forth below.

## X. FOURTH CAUSE OF ACTION

**Violation of Cal. Health & Safety Code § 19955 *et seq.***

*(Against all Defendants and each of them)*

56. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

57. California Health & Safety Code § 19955 *et seq.* was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title I of the Government Code." Such public accommodations are defined as any "building, structure, facilities, complex, or improved area that is used by the general public...," and includes restaurants and related sanitary facilities, Cal. Health & Safety Code § 19955.

58. On information and belief, the Restaurant was constructed with private funds and has undergone construction and/or alterations after January 1, 1982 that triggered access requirements pursuant to Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as the Restaurant, undergo an "alteration, structural repair or addition." On information and belief, Defendants did not comply with the access requirements, which Title 24-2 imposes on renovated and remodeled facilities.

WHEREFORE, Plaintiff requests relief as set forth below.

## XI. FIFTH CAUSE OF ACTION

**Violation of California Business & Professions Code § 17500 et seq. – The False Advertising Practices Act**

**(Against Defendants PAVILION BAR & GRILL, LLC, a California limited liability company, d/b/a PAVILION BAR & GRILL; and DOES 1-10, Inclusive)**

59. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS
12

60. Defendants engage in business practices, offer their goods and services for sale, and advertise their goods and services within the jurisdiction of the state of California. As such, Defendants have a duty to comply with the provisions of the False Advertising Practices Act set forth in §§ 17500, et seq., of the Business and Professions Code.

61. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or causing to be made, any statement concerning goods and services which is known, or with the exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

62. The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business and Professions Code, in that said Defendants have represented that their goods and services are available to all members of the general public, when, in fact, said Defendants deny full and equal access to such goods and services to disabled individuals who are visually impaired/legally blind by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, the Health and Safety Code and the Americans with Disabilities Act.

WHEREFORE, Plaintiff requests relief as set forth below.

## XII. SIXTH CAUSE OF ACTION

**Violation of California Business & Professions Code § 17200 et seq. –** *California Unfair Business Practices* **Act**

**(Against Defendants PAVILION BAR & GRILL, LLC, a California limited liability company, d/b/a PAVILION BAR & GRILL; and DOES 1-10, Inclusive)**

63. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

64. Defendants engage in business practices, offer their goods and services for sale, and advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in § 17200, et seq., of the Business and Professions Code.

65. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

66. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their goods and services are available to all members of the general public, when in fact, Defendants deny full and equal access to their goods and services to individuals who are visually impaired/legally blind by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, the Health and Safety Code, the False Advertising Practices Act, and the Americans with Disabilities Act as alleged herein.

WHEREFORE, Plaintiff requests relief as set forth below.

## *RELIEF REQUESTED*

WHEREFORE, Plaintiffs pray for judgment as follows:

1. A preliminary and permanent injunction to prohibit Defendants from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.,* California Civil Code §§ 51, *et seq.*; California Civil Code §§ 54, *et seq.;* and Cal. Health & Safety Code §§ 19955, *et seq.* Note: Plaintiff does not seek any relief under California Civil Code § 55.

2. A preliminary and permanent injunction requiring Defendants to take the steps necessary to make Restaurant readily accessible to and usable by visually impaired/legally blind patrons, including modifications in policy, and *maintaining* the Restaurant so that it remains readily accessible to and usable by visually impaired/legally blind persons;

3. A declaration that Defendants are owning, maintaining and/or operating Restaurant in a manner which discriminates against individuals who are visually impaired/legally blind and which fails to provide access for persons with disabilities as required by law;

5. Damages in an amount to be determined by proof, including all applicable statutory damages;

6. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by law;

7. For pre-judgment interest to the extent permitted by law; and

1     8. Such other and further relief as the Court deems just and proper.

Dated: September 26 , 2019         */s/ Irene Karbelashvili*
                                                Irene Karbelashvili, Attorney for Plaintiff
                                                SHELBY GAIL HEIFETZ

### *DEMAND FOR JURY TRIAL*

Plaintiff hereby demands a trial by jury.

Dated: September 26, 2019         */s/ Irene Karbelashvili*
                                                  Irene Karbelashvili, Attorney for Plaintiff
                                                SHELBY GAIL HEIFETZ

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS

15